| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>**Forman Holt**<br>365 West Passaic Street<br>Suite 400<br>Rochelle Park, NJ 07662<br>Telephone: (201) 857-7110<br>Facsimile: (201) 665-6650<br>Michael E. Holt, Esq. (MEH-8735)<br>mholt@formanlaw.com<br>*Counsel for the Reorganized Debtors*<br><br>**K&L Gates LLP**<br>One Newark Center<br>1085 Raymond Boulevard, 10th Floor<br>Newark, NJ 07102<br>Telephone: (973) 848-4000<br>Facsimile: (973) 848-4001<br>Daniel M. Eliades, Esq. (DME-6203)<br>William L. Waldman, Esq. (WLW-1452)<br>Sabrina N. Espinal, Esq. (SNE-7464)<br>*Special Counsel for the Reorganized Debtors* | |
| In re:<br><br>Supor Properties Enterprises LLC, *et al.*[1],<br><br>                Reorganized Debtors. | Case No. 24-13427 (SLM)<br>Judge: Stacey L. Meisel<br>Chapter 11<br><br>(Jointly Administered) |
| Supor Properties Enterprises LLC,<br><br>                Plaintiff,<br><br>                v.<br><br>Joseph Comprelli and M & J Comprelli, LLC.<br><br>                Defendants. | Adv. Pro. No. 24-01634 (SLM) |

---

[1] The Reorganized Debtors in these related chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number are: Supor Properties Enterprises LLC (5580); J Supor 136-1 Realty LLC (3205); Supor-172 Realty LLC (EIN No. 5662); Supor Properties Breiderhoft LLC (7258); Supor Properties Devon LLC (6357); Shore Properties Associates North LLC (6707); Supor Properties 600 Urban Renewal, LLC (8604); JS Realty Properties, LLC (2497); and Supor Properties Harrison Avenue, LLC (1728).

1600583094.4

**REPLY IN SUPPORT OF DEBTORS' MOTION FOR
PARTIAL SUMMARY JUDGMENT ON COUNT SIX OF THE COMPLAINT**

Supor Properties Enterprises LLC ("Movant" or "Plaintiff"), as successor in interest to S & B Realty Partnership, by and through its undersigned counsel, hereby submits this Reply (the "Reply") to the Brief in Opposition filed by Defendants [Adv. ECF No. 28] to Plaintiff's Motion for Partial Summary Judgment on Count Six of the Complaint (the "Motion") [Adv. ECF No. 25].

**PRELIMINARY STATEMENT**[2]

Plaintiff seeks to bar the late proof of claim filed by Defendants in the Motion (the "Proof of Claim"). Defendants allege "excusable neglect" in failing to file the Proof of Claim for four and a half months after the Claims Bar Date "due to a miscommunication within the firm" and "attorney neglect." *See* Certification of David L. Stevens at paragraphs 5 and 7 [Adv. ECF No. 28], at ¶4. Defendants have not met the standards established under relevant case law to show their neglect in filing the Proof of Claim timely was excusable. Indeed, Defendants' attorneys admit they knew about the Claims Bar Date and prepared the Proof of Claim, but simply failed to file it in time and did not file it for four and a half months after the deadline. It is well established that if a clear deadline is missed due to a law office failure, including inattention or lack of oversight, this is not excusable neglect, and an extension is not justified.

The Proof of Claim is based on an alleged loan made by Defendants to the Movant. Nothing in the Proof of Claim references an executory contract. Thus, the argument that the plan rejecting the executory contracts extended the claims bar date is inapposite.

Defendants claimed need for discovery is an admission that they possess no probative evidence concerning the applicable Claims Bar Date compliance. Instead, they seek a fishing

---

[2] Capitalized terms not defined in this Reply have the meanings given to them in the Motion.

2

1600583094.4

expedition to stave off summary judgment. Rule 56(d) is not meant for that. Defendants have shown no evidence to give rise to genuine disputed issues of fact concerning the late-filed claim. Under the undisputed facts, Joseph Comprelli filed his Proof of Claim four and a half months late. Accordingly, this Court should enter summary judgment and disallow and expunge the Proof of Claim filed by Joseph Comprelli as a late-filed claim.

## ARGUMENT

1. The "excusable neglect" defense is clearly inapplicable here. Yet, the Defendants are grasping at straws arguing that miscommunication within the Defendants' attorneys' firm is excusable neglect.

2. One of the core tenets of bankruptcy law is the prompt and effectual administration and settlement of a debtor's estate within a limited period of time. *See In re Best Prods. Co., Inc.*, 140 B.R. 353, 356 (Bankr. S.D.N.Y. 1992) (citing *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966)). Thus, bar dates, which fix the time within which proofs of claim or interest may be filed, are "critically important." *In re Lehman Bros. Holdings, Inc.*, 433 B.R. 113, 119 (Bankr. S.D.N.Y. 2010) (citing *In re Musicland Holding Corp.*, 356 B.R. 603, 607 (Bankr. S.D.N.Y. 2006)); *see* Fed. R. Bankr. P. 3003(c)(3) (requiring a court to establish bar dates).

3. Indeed, it is the bar date order that "enabl[es] the parties in interest to ascertain with reasonable promptness the identity of those making claims against the estate and the general amount of the claims, a necessary step in achieving the goal of successful reorganization." *Best Prods.*, 140 B.R. at 357. Compliance with a bar date is therefore imperative.

4. *In the Supreme Court case of Pioneer Investment Services Co. v. Brunswick Associates L.P.*, 507 U.S. 380, 395 (1993) cited by Defendant, the Court held:

> Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude

3

    that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include, as the Court of Appeals found, the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

5.  Defendant's reliance on *Pioneer Investment Services Co* is misplaced. In *Pioneer*, the Court specifically stated that the notice of the bar date was outside the course in normal bankruptcy cases, the creditor's attorney stated he was unaware of the bar date and the proof of claim was filed only 20 days after the bar date.

6.  These factors are not present here. The Defendants' attorneys were well aware of the bar date as they certify that they prepared the Proof of Claim on time but simply did not file it until four and a half months after the bar date due to "attorney neglect."

7.  "[T]he legal system would groan under the weight of a regimen of uncertainty in which time limitations were not rigorously enforced." *Midland Cogeneration Venture Ltd. P'ship v. Enron Corp. (In re Enron Corp.)*, 419 F.3d 115, 123 (2d Cir. 2005) (quoting *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 367–68 (2d Cir. 2003)). Therefore, it is for this reason—as well as a need for finality—that this Court should adhere to a strict observance of bar dates, and "[c]reditors act at their peril where they fail to adequately investigate and pursue their rights." *Lehman*, 433 B.R. at 126.

8.  "[I]f a clear deadline is missed due to a law office failure, including inattention or lack of oversight, an extension is not justified." *In re Musicland Holding Corp.*, 356 B.R. 603, 608 (Bankr.S.D.N.Y.2006). *See also Enron*, 419 F.3d at 126 (noting movant's weak argument based upon counsel's inadvertence); *In re Dana Corp.*, No. 06–10354(BRL), 2008 WL 2885901, at *5 (Bankr.S.D.N.Y. July 23, 2008) ("office mix-ups, clerical mistakes, and failure to follow

4

office procedures do not generally constitute excusable neglect."). This is so because "clients must be held accountable for the acts and omissions of their attorneys." *Pioneer*, 507 U.S. at 396.

9. As explained by the Supreme Court:

> [The movant] voluntarily chose this attorney as [its] representative in the action, and [it] cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of [its] lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney."

*Id.* at 397 (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

10. On April 4, 2024, the Clerk of the Bankruptcy Court established June 11, 2024, as the date for all persons or entities, other than governmental units, to file a claim against the reorganized debtors.

11. Notice of the Claims Bar Date was sent by first class mail to M & J Comprelli, LLC at 63 Tiffany Drive, East Hanover, NJ 07936-2518 on April 06, 2024.

12. The attorneys for the Defendants were well aware of this bar date and certify that they timely prepared the Proof of Claim.

13. The Proof of Claim was filed on October 30, 2024, approximately four and a half months after the applicable Claims Bar Date.

14. The excuses presented by the Defendants' attorneys do not justify allowing a late-filed claim. Here, there were no unique and extraordinary circumstances beyond the control of the Defendants' attorneys which would constitute excusable neglect.[3] To hold otherwise, would permit

---

[3] Excusable neglect requires the movant to show that "the failure to timely perform a duty was due to circumstances which were beyond the reasonable control of the person whose duty it was to perform." *Biscayne 21 Condominium Association, Inc. v. South Atlantic Fin. Corp. (In re South Atlantic Fin. Corp.)*, 767 F.2d 814, 817 (11th Cir.1985) (quoting *In re Manning,* 4 B.C.D. 304, 305 (D.Conn.1978)). *Accord In re Stern,* 70 B.R. 472, 475 (Bankr E.D.Pa.1987). For a finding of excusable neglect, the moving party must show it failed to act due to "unique and extraordinary" circumstances. *See Matter of Dewey Beach Enters., Inc.*, 110 B.R. 681, 686 (Bankr. D. Del. 1990).

any law office failure, including inattention or lack of oversight, to be twisted into excusable neglect. The policy promoting the orderly administration of bankruptcy cases mandates that an ultimate cut-off date be set for the filing of claims; absent such finality, it would be utterly impossible to conclude a case.

15. Joseph Comprelli's filed Proof of Claim against Plaintiff asserts a general unsecured claim for $250,000 on account of "money loaned." *See* Waldman Cert at Exhibit C. It does not relate to an executory contract that may have been rejected upon confirmation. The Defendants' argument that the bar date was somehow extended by same is simply misplaced.

16. Defendants claimed need for discovery is an admission that they possess no probative evidence concerning the applicable Claims Bar Date compliance. Instead, they seek a fishing expedition to stave off summary judgment.

17. Defendants urge that they "intend to conduct discovery relating to whether it can raise as a defense to Count 6 that the underlying claims relate to the executory contract." *See* Brief in Opposition to Plaintiff's Motion for Partial Summary Judgment on Count 6 of the Complaint [Adv. ECF No. 28], at page 4-5. Nothing in Joseph Comprelli's Proof of Claim suggests that it is or was related to an executory contract. In fact, in further support of its "money loaned" Proof of Claim, Joseph Comprelli attached a copy of check no. 8384 in the amount of $150,000 and check no. 124 in the amount of $100,000 paid to the order of the Plaintiff. *See* Waldman Cert at Exhibit C.

18. A motion pursuant to Rule 56(d) "must identify with specificity" three things: "what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained." *In re BYJU's Alpha, Inc.*, No. 24-10140 (JTD), 2025 WL 665294, at *6 (Bankr. D. Del. Feb. 27, 2025); *see also Lunderstadt v. Colafella*, 885 F.2d 66, 71 (3d Cir. 1989) (emphasis added) (citing *Dowling v. City of Philadelphia*, 855 F.2d 136, 139-

40 (3d Cir. 1988)); *Radich v. Goode*, 886 F.2d 1391, 1393-94 (3d Cir. 1989). Defendants have made no such showing, which not only disqualifies their Rule 56(d) request, but as a practical matter, casts strong doubts that further discovery will yield something of substance.

19. A court does not abuse its discretion in ruling on a motion for summary judgment without allowing the opponents a chance for further discovery where the opponents do not present any evidence of what further discovery could produce, *see Hancock Industries v. Schaeffer*, 811 F.2d 225, 230 (3d Cir.1987); *Bettin v. Nelson*, 744 F.2d 53, 58 (8th Cir.1984), or where it does not appear that further discovery would be useful in the disposition of the matter. *See Traill v. Felder*, 330 F.Supp. 560, 563 (D. Alaska 1971).

20. "If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment." *Access Telecom, Inc. v. MCI Telecommunications Corp.*, 197 F.3d 694, 720 (5th Cir. 1999).

21. Defendants have shown no evidence to give rise to genuine disputed issues of fact concerning the late-filed claim. Based on the plain and unambiguous facts, Joseph Comprelli failed to file a timely Proof of Claim by the Claims Bar Date. Accordingly, the Movant is entitled to summary judgment disallowing the Proof of Claim.

## CONCLUSION

22. For the foregoing reasons, Movant respectfully requests that the Court grant its motion in full and further seeks such other relief as the Court may deem appropriate.

Dated: July 11, 2025                Respectfully submitted,

K&L GATES LLP

*/s/ William L. Waldman*
**K&L GATES LLP**
One Newark Center

1600583094.4

        1085 Raymond Boulevard, 10th Floor
Newark, NJ 07102
Telephone: (973) 848-4000
Facsimile: (973) 848-4001
Daniel M. Eliades, Esq. (DME-6203)
William L. Waldman (WLW-1452)
Sabrina N. Espinal (SNE-7464)
*Special Counsel for the Reorganized Debtors*

and

**FORMAN HOLT**
365 West Passaic Street
Suite 400
Rochelle Park, NJ 07662
Telephone: (201) 857-7110
Facsimile: (201) 665-6650
Michael E. Holt, Esq. (MEH-8735)
*Counsel for the Reorganized Debtors*

8

1600583094.4